FOUST ET AL., APPELLEES, *v.*
VALLEYBROOK REALTY CO. ET AL.,
APPELLANTS.

(No. WD-80-61—Decided June 26, 1981.)

*Mr. Dale Crandall,* for appellees.

*Mr. Robert Pollex* and *Mr. George Hewes,* for appellants.

MCQUADE, J. This is an appeal from the judgment of the Wood County Court of Common Pleas entered in favor of the plaintiffs-appellees and against defendants-appellants, jointly and severally, after a one-day trial to the court on August 29, 1980. The facts of this case revolve around the purchase of real estate by plaintiffs-appellees Foust from the defendants-appellants McGeorge. Appellant Valleybrook Realty Co. was the agent for both the sellers and the buyers. Realtor's agent, Karen Kashmer, represented the buyers. Realtor's agent, Larry Mandell, represented the sellers. The buyers purchased the property for $57,000.

During negotiations several representations were made to the appellees concerning the recent completion of a sewer project in the area in question. Appellees were informed through the appellant-realtor that the residence was being served by a septic tank, but that they could tap into the new sanitary system at their option. Appellant-realtor's agent

estimated the cost of the tap-in at approximately $500. In fact, however, the tap-in to the new system was mandatory and the charge and related fees totaled $1,166. Appellees also incurred an assessment fee of $2,200 with interest thereon of approximately $1,322.

Appellants Margaret McGeorge and Albert A. Wolfe, hereinafter referred to as sellers, were aware of the forthcoming assessment and notified appellant-realtor of this fact through their agent, Larry Mandell. Mandell denied knowledge of a pending sewer assessment. However, he filled out a listing on the property indicating that sanitary sewers were available but optional. Mandell lived in the same area as the property in question and was aware of a tentative assessment on his property.

The trial court found that the appellant-realtor, through its agent Mandell, committed a fraud upon the appellees. Judgment was rendered against all appellants as the fraud was committed within the scope of the realtor's agency relationship with sellers. Punitive damages were also awarded. It is from this judgment that appellant-realtor and appellants-sellers now appeal. Appellants-sellers label their appeal a cross-appeal, but it is, in fact, an appeal from the trial court's judgment of November 10, 1980.

Appellant-realtor's first assignment of error is as follows:

"The trial court erred to the substantial prejudice of defendant-appellant, Valleybrook Realty Co. in that the finding and conclusion of the trial court that the actions of the defendant, Valleybrook Realty Co., constituted fraud while unsupported by the evidence, and accordingly the award of punitive damages was improper."

We find this assignment of error not well taken.

Appellant-realtor alleges that the trial court ignored the testimony of the appellees themselves as to their knowledge of the possibility of assessments and tax charges, and that they, therefore, failed to exercise reasonable prudence in investigation of facts. The testimony at trial indicated that agent Larry Mandell had been a realtor for four years; that he had personal knowledge that a sewer line had been laid along Mandell Road, where the property in question was located; that Mandell lived in the area where the sanitary sewer was being constructed and was personally notified of the forthcoming assessment. The trial court noted in its finding of facts and conclusions of law that the buyers were at the limit of their credit and would not have been financially able to purchase the property if they had been aware of the impending assessment. These facts were sufficient for the trial court to find that Mandell intentionally misrepresented the mandatory tap-in and sanitary sewer assessment to facilitate the sale of the property.

It is true that in Ohio the law requires a person to exercise proper vigilance in his dealings, so that where one is put on notice as to any doubt to the truth of the representation, the person is under a duty to reasonably investigate before reliance thereon. *Feliciano* v. *Moore* (1979), 64 Ohio App.2d 236 [18 O.O.3d 176]. However, vendors and their realty agents have a duty to disclose any material facts which are not visible and nondisclosure is willful misrepresentation. *Gilbey* v. *Cooper* (1973), 37 Ohio Misc. 119 [66 O.O.2d 366]. Appellees were entitled to rely upon the representations of the realtor because of the fiduciary nature of the relationship. A fiduciary is bound to make full disclosure of material facts known to him and not known to the other party, which affects the value of the property which is the subject of the transaction. *Connelly* v. *Balkwill* (N.D. Ohio 1959), 83 Ohio Law Abs. 513 [11 O.O.2d 289].

It is also pertinent that the trial court made specific findings that although the purchasers had a duty to inquire and to

inspect the premises in a prudent manner, they were living in a motel in an unfamiliar area, they were returning to Dayton on weekends and that they had a right to rely upon the representations of Valleybrook and were not under a duty to inquire of others after receiving answers to their questions. See, also, *Crum* v. *McCoy* (1974), 41 Ohio Misc. 34 [70 O.O.2d 76]; *Miles* v. *McSwegin* (1979), 58 Ohio St. 2d 97 [12 O.O.3d 108].

Appellant-realtor states as its second assignment of error:

"The trial court erred to the substantial prejudice of appellant, Valleybrook Realty Co., in failing to reduce plaintiff's damages for fraudulent misrepresentation by the benefit received from tapping in and using public sanitary sewer services."

Appellant-realtor argues that the judgment for damages should have been offset by the benefit received from the installation of the new sanitary sewer system. No authority is cited for this proposition. Benefits are not applicable here because the home in question already had a working sewer system. Appellees only tapped into the new sewer system because it was mandatory. There was also testimony at trial that the existing septic system, which was of considerable value, was totally destroyed. Additionally, the appellees were required to pay the sewer assessment, interest, the costs of tap in, plus extra payments to the division of water for the maintenance of the sanitary sewer system. Although the trial court did not clearly indicate precisely how the sum of damages was derived, based upon the above testimony it appears that the trial court considered reducing the damages due to the benefit received and dismissed it as improper.

A person injured by fraud is entitled to such damages as will fairly compensate him for the wrong suffered; that is, the damages sustained by reason of the fraud or deceit, and which have naturally and proximately resulted therefrom. 25 Ohio Jurisprudence 2d 32, Fraud and Deceit, Section 201. The fundamental rule is that the owner must be compensated for the loss sustained. *Groves* v. *Gray* (1942), 74 Ohio App. 384 [29 O.O. 580]; 16 Ohio Jurisprudence 2d 91, Damages, Section 73.

Appellant-realtor also argues that the appellees received a reduction in purchase price in consideration of the sanitary sewer assessment and that the trial court should have reduced the plaintiffs' damages by the $2,000 reduction. Testimony at trial indicated that the listing price of the property was $59,000 and sold for $57,000. Agent Mandell testified that the reduced price was a compromise and that the average selling price in the Perrysburg area was ninety-four percent of the listing price. Thus the average selling price for this property would have been $55,460, a significantly lesser amount than actually paid. As argued by appellees, a further reduction of $2,000 of the listing price would be inappropriate as allowing an increase in judgment of $1,540 since the property was sold above the average price.

We find this assignment of error not well taken.

Appellant-realtor's third and final assignment of error and appellants-sellers' first assignment of error address the same issue and will be dealt with jointly. They are as follows:

"The trial court erred to the substantial prejudice of the appellant, Valleybrook Realty Co., in that it failed to properly apply the principle of caveat emptor, as a misstatement of fact does not necessarily constitute fraud. The trial court erred in its conclusion that the doctrine of caveat emptor did not bar recovery by the plaintiffs."

"The trial court erred in its conclusion that the doctrine of caveat emptor did not bar recovery by the plaintiffs."

Appellants contend that the trial court failed to properly apply the princi-

ples of *Traverse* v. *Long* (1956), 165 Ohio St. 249 [59 O.O. 325]. This case holds, at page 252:

"The principle of *caveat emptor* applies to sales of real estate relative to conditions open to observation. Where those conditions are discoverable and the purchaser has the opportunity for investigation and determination without concealment or hindrance by the vendor, the purchaser has no just cause for complaint *even though there are misstatements and misrepresentations by the vendor not so reprehensible in nature as to constitute fraud.*" (Emphasis added.)

Appellants state that this is clear authority for the proposition that only truly fraudulent statements, made with complete knowledge that the statements are false, can constitute fraud. They also contend that in order to find fraud the trial court must find that the defect was not discoverable by the purchasers and that the misrepresentations were made with knowledge of their falsity. No authority is cited for these propositions. As discussed in relation to the first assignment of error, there was ample evidence upon which the trial court could find fraud. Appellant-realtor cites *Klott* v. *Associates Real Estate* (1974), 41 Ohio App. 2d 118 [70 O.O.2d 129], as authority for the proposition that the seller's agent had no duty to disclose. However, in that particular case the purchasers failed to make inquiry. In the case *sub judice* the purchasers did specifically inquire about the sanitary sewer system.

We find these assignments of error not well taken.

The second assignment of error of appellants-sellers is:

"The trial court erred in entering judgment against the defendants, Margaret McGeorge and Albert A. Wolfe."

Appellants-sellers essentially argue that since the trial court made the finding that they were liable only because of the acts of their agent, that judgment could only be entered against Valleybrook Real-

ty Co. They also allege that since Valleybrook was the agent of both buyer and seller the appellees were injured by the acts of their own agent. Although only one real estate agency was involved, as previously noted, separate individuals were acting as agents for buyers and sellers. The problem of representing parties with conflicting interests was evidently realized by the realtor through the use of different employees. Sellers do not deny that the realtor was acting as their agent.

The relation of principal and agent is always regarded by the court as a fiduciary one, implying trust and confidence. All acts and contracts of an agent done or made within the discharge of his duties, and within the scope of his authority, whether that authority is express, implied, or apparent, are obligatory upon the principal, and no ratification or assent on the latter's part is necessary to give them validity. 3 Ohio Jurisprudence 3d 133-134, Agency, Section 81. The principal is always liable to third persons for misfeasances and the omission of duty of his agent, in all cases within the scope of his agency, equally as for acts of his own although the agent himself is liable for positive wrongful acts and misfeasances committed while acting as agent. 3 Ohio Jurisprudence 3d 227-228, Agency, Section 152.

We find this assignment of error not well taken.

Appellants-sellers state as their third assignment of error:

"The trial court erred in including in the amount of its judgment the amount of Thirteen Hundred Twenty-two Dollars ($1,322.00), being the amount of interest charged on the sewer assessment."

We find this assignment of error not well taken. Appellants claim that even if appellees are entitled to damages, they cannot increase the amount of damages by their own neglect and failure to pay the assessment which would have avoided any payment of interest. They allege that

even if the payment of cash is a hardship, that is irrelevant. The trial court properly concluded from the evidence that the interest had to be paid by the buyers and that this was a liability incurred due to the fraudulent conduct of appellants.

The rule requiring one injured by a wrongful act or omission of another to minimize the damages resulting does not require a party to make extraordinary efforts, or to do what is unreasonable or impracticable. Ordinary and reasonable care, diligence and prudence are the measure of the duty. 16 Ohio Jurisprudence 2d 37, Damages, Section 18. The efforts of the injured party to prevent or lessen his damages include a reasonable expenditure of money as part of his damages. 16 Ohio Jurisprudence 2d 38, Damages, Section 19.

Testimony at trial indicated that interest payments could not be avoided because appellees did not have adequate funds to prepay the assessment. Appellees were not required to take extraordinary efforts in order to prepay the sewer assessment. As pointed out by appellees, if the buyers had obtained funds by borrowing to pay off the sewer assessment, realtor and sellers would have been liable for the expenses and interest incurred at an interest rate more than likely significantly higher than the one offered by Wood County.

The fourth and final assignment of error by appellants-sellers is as follows:

"The trial court erred in assessing punitive damages against the defendants, Margaret McGeorge and Albert Wolfe."

We find this assignment of error to be well taken.

The trial court assessed punitive damages of $500 against all defendants. However, the trial court found no wrongdoing on the part of defendants Margaret McGeorge and Albert A. Wolfe. Rather, the court found that the sellers are responsible only because of the acts of their agent, Valleybrook Realty Co.

A principal's liability for willful, wanton, and malicious acts of his agent does not extend to a liability in punitive damages unless the principal has authorized, ratified, acquiesced, or participated in the agent's conduct or failed to exercise due and reasonable care in selecting and retaining an employee. Exemplary or punitive damages are awarded by way of punishment of the offender and as a warning to others, and not by way of compensation, and thus can only be awarded against one who has participated in the offense. 3 Ohio Jurisprudence 3d 237, Agency, Section 156.

The judgment of the Wood County Court of Common Pleas is affirmed in part and modified in part with respect to the award of punitive damages. This cause is remanded to the Wood County Court of Common Pleas with the instruction to reduce the joint and several judgment it entered on November 10, 1980, against the sellers-appellants to $4,686. In all other respects the judgment is affirmed. Costs assessed against all appellants equally.

*Judgment affirmed in part*
*and modified in part.*

CONNORS, P.J., and BARBER, J., concur.

McQUADE, J., of the Fulton County Court of Common Pleas was assigned to the Sixth Appellate District pursuant to Section 5(A)(3), Article IV, Constitution.