OPINION
Cross-claim defendants-appellants Tiger Leasing and Christopher D. Hayes appeal from a summary judgment rendered in favor of defendant/cross-claimant-appellee Bruns General Contracting, Inc., awarding Bruns $132,541.40 in damages on its claims for breach of contract and unjust enrichment. Appellants argue that the trial court erred in finding as a matter of law that Secured Equity Title Appraisal Agency Corporation was acting as their agent when it contracted with Bruns to construct a building on a parcel of land owned by them. Appellants assert that simply because Tiger Leasing and Secured Equity were both controlled by one person, to wit: William Bertram, that does not prove that Secured Equity was acting as Tiger Leasing's agent when it contracted with Bruns. Appellants further contend that the trial court erred in finding, in the alternative, that they had been unjustly enriched as a result of the transaction between Bruns and Secured Equity. Appellants also argue, and appellee agrees, that the trial court erred in awarding damages, because the parties had agreed during a pretrial conference that the issues of damages and liability would be bifurcated.
We conclude that the trial court did not err in finding as a matter of law that Secured Equity was acting as appellants' agent when it contracted with Bruns to construct a building on property owned by appellants; therefore, we need not address the unjust enrichment issue. We also conclude, however, that the trial court did err in addressing the issue of damages at the same time it ruled on the issue of liability, because the parties had agreed during a pretrial conference that the issues would be bifurcated. Accordingly, the judgment of the trial court is Reversed, and this cause is Remanded for proceedings consistent with this opinion.
 I
Tiger Leasing is an Ohio general partnership that owns and rents property for a profit. At the time of the present controversy, Tiger Leasing's general partners were William Bertram and Christopher Hayes. Bertram was also the sole shareholder and officer of Secured Equity Title Appraisal Agency Corp.
In early 1996, Secured Equity contracted with Bruns to construct a building on property in Darke County that was owned by Tiger Leasing. The construction of the building was financed by Tiger Leasing through a loan obtained from Second National Bank, in Greenville, Ohio. In March, 1996, Tiger Leasing, through its general partners, Bertram and Hayes, signed a $500,000 promissory note and a mortgage on its Darke County property in favor of Second National Bank. Additionally, both Bertram and Hayes personally guaranteed the obligations of Tiger Leasing under the promissory note.
Between March 28, 1996 and May 30, 1996, Bruns furnished labor and materials in connection with the construction of the building. Bruns made six applications for payment in the aggregate amount of $245,431.20. However, Bruns received payment only on the first four applications in the amount of $112,909.80. Tiger Leasing made three of the four payments, totaling $105,309.80, or 93% of the total amount paid to Bruns; Secured Leasing made the remaining payment of $7,600. As a result of its failure to receive payment on its final two applications, Bruns filed a mechanic's lien against the property in July, 1996.
In July, 1997, Second National Bank filed a foreclosure action against Tiger Leasing seeking to enforce its lien on the property and recover any deficiency, pursuant to the note and mortgage. Second National Bank also named Bruns as a defendant because of its mechanic's lien against the property. Bruns cross-claimed against Tiger Leasing, Bertram, and Hayes, alleging breach of contract and unjust enrichment. No action was filed against Secured Equity because it had filed a petition for bankruptcy.
In February, 1998, the property was sold at a Sheriff's sale, and all of the net proceeds from the sale were applied to Tiger Leasing's account with Second National Bank. Bruns' mechanic lien was extinguished with the sale of the property in the foreclosure action. In December, 1999, Bruns moved for summary judgment against Tiger Leasing and Hayes on its breach of contract and unjust enrichment claims. Bruns did not seek summary judgment against Bertram, who had filed a petition for bankruptcy.
On May 1, 2000, the trial court issued a judgment entry awarding summary judgment to Bruns on three grounds. First, the trial court found that, pursuant to R.C. 1311.10(A),[1] Secured Equity was acting as the presumed agent of Tiger Leasing when it contracted with Bruns to construct the building, and, therefore, under the law of agency, Tiger Leasing became liable for any contracts entered into by Secured Leasing. In arriving at this conclusion, the trial court found that the presumption of agency found in R.C. 1311.10(A) survived the extinction of Bruns's mechanic's lien. The trial court also found that even if R.C. 1311.10(A) was inapplicable, an agency relationship still existed between Secured Equity and Tiger Leasing, given the fact that Tiger Leasing provided almost all of the financing for the construction of the building. Finally, the trial court found that Bruns had also established its claim for unjust enrichment because Tiger Leasing and Hayes received the benefit of the labor and materials provided by Bruns by virtue of the fact that the value of the property had been increased, and the proceeds from the building's subsequent sale reduced Tiger Leasing's and Hayes' liability under the promissory note and Hayes' liability arising from his personal guaranty of the note. The trial court awarded Bruns judgment against Tiger Leasing and Hayes in the amount of $132,541.40, plus interest, despite the fact that the parties had agreed in a pretrial conference that the liability and damages issues in the case would be bifurcated.
Tiger Leasing and Hayes appeal from the trial court's May 1, 2000 judgment entry.
 II
Appellants' Second Assignment of Error states:
 THE TRIAL COURT ERRED WHEN IT DETERMINED THAT TIGER LEASING AND HAYES WERE AGENTS OF SECURED EQUITY.
Initially, appellants argue in their appellate brief that the trial court erred when it determined as a matter of law that Tiger Leasing and Hayes were the agents of Secured Equity, either pursuant to the presumption of agency found in R.C. 1311.10(A) or pursuant to common law principles. However, as Bruns pointed out in its appellate brief, the trial court did not find that Tiger Leasing and Hayes were acting as the agents of Secured Equity; instead, it found that Secured Equity was acting as the agent of Tiger Leasing and its general partners, Bertram and Hayes, when it contracted with Bruns to construct the building. Appellants respond by arguing in their reply brief that "regardless of whether Tiger Leasing is the agent or principal[,]" no evidence was presented to show that Tiger Leasing controlled Secured Equity or directed it to contract with Bruns to construct the building on Tiger Leasing's property; therefore, appellants contend, there was no evidence to demonstrate that an agency relationship existed between Tiger Leasing and Secured Equity. We disagree.
Summary judgment is to be granted when no genuine issue of material fact remains to be litigated; the moving party is entitled to judgment as a matter of law; and it appears from the evidence that reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence viewed most strongly in his or her favor. Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
"An `agency relationship' is defined as `a consensual fiduciary relationship between two persons where the agent has the power to bind the principal by his actions, and the principal has the right to control the actions of the agent.'" Evans v. Ohio State Univ. (1996),112 Ohio App.3d 724, 744, quoting Funk v. Hancock (1985),26 Ohio App.3d 107, 110. "All acts and contracts of an agent done or made within the discharge of his duties, and within the scope of his authority, whether that authority is express, implied, or apparent, are obligatory upon the principal, and no ratification or assent on the latter's part is necessary to give them validity." Foust v. ValleybrookRealty Co. (1981), 4 Ohio App.3d 164, 167. "The relationship of principal and agent * * * exists only when one party exercises the right of control over the actions of another, and those actions are directed toward the attainment of an objective which the former seeks." Hansonv. Kynast (1986), 24 Ohio St.3d 171, paragraph one of the syllabus.
Here, there was sufficient evidence presented to permit the trial court to conclude as a matter of law that appellants were liable for Secured Equity's breach of its contract with Bruns, because Secured Equity was acting as agent for Tiger Leasing and its partners, Bertram and Hayes, when it contracted with Bruns to construct a building on property owned by Tiger Leasing. Appellants acknowledge that "[a]s the sole shareholder in Secured Equity and the elder general partner in Tiger Leasing, Bertram was in control of both entities." Appellants further acknowledge that "[c]learly, it was in Tiger Leasing's best interest to have Secured Equity build an improvement on the property owned by Tiger Leasing[,] [because] [t]hat would have potentially increased the rent due from Secured Equity and increased the profits of Tiger Leasing." Furthermore, Tiger Leasing made three of the four payments made to Bruns for its work, constituting 93% of the payment that Bruns received for the project. This evidence was sufficient to permit the trial court to conclude that Tiger Leasing exercised the right of control over Secured Equity, and that Secured Equity's actions were directed toward the attainment of an objective which Tiger Leasing sought., Appellants argue that simply because Bertram controlled both Tiger Leasing and Secured Equity does not mean that Secured Equity was acting as Tiger Leasing's agent when it contracted with Bruns, that Tiger Leasing exercised any control over Secured Leasing, or that Tiger Leasing directed Secured Equity to contract with Bruns. However, appellants' contentions amount to an argument that a triable issue of fact exists as to whether Bertram's right hand knew what his left hand was doing. Here, under the evidence presented, no rational juror could have disagreed with the findings that Tiger Leasing had complete control over Secured Equity, since Bertram effectively controlled both entities, and that Secured Equity's actions were directed towards the attainment of Tiger Leasing's objectives., Appellants' Second Assignment of Error is overruled.
 III
Appellants' First and Third Assignments of Error state as follows:
 THE TRIAL COURT ERRED WHEN IT HELD THAT R.C. SECTION 1311.10 APPLIES TO CREATE AN AGENCY PRESUMPTION.
 THE TRIAL COURT ERRED WHEN IT DETERMINED THAT BRUNS IS ENTITLED TO RECOVER FROM TIGER LEASING AND HAYES UNDER THE THEORY OF UNJUST ENRICHMENT.
These assignments of error have been rendered moot by our disposition of appellants' Second Assignment of Error. See App.R. 12(A)(1)(c). Accordingly, appellants' First and Third Assignments of Error are overruled as moot.
 IV
Appellants' Fourth Assignment of Error states:
 THE TRIAL COURT ERRED WHEN IT DETERMINED THE AMOUNT OF DAMAGES TIGER LEASING AND HAYES OWE TO BRUNS., Appellants assert that the parties agreed in a pretrial conference that the issues of liability and damages would be bifurcated; therefore, appellants request that we vacate the trial court's award of damages and remand this case on the issue of damages, consistent with the parties' understanding.
For its part, Bruns agrees that the parties had an understanding that the issues of liability and damages would be bifurcated, and therefore acknowledges that the trial court erred by awarding it $132,541.40. In fact, Bruns asserts that the amount owed is even greater, in light of appellants' contractual obligation to pay interest and attorney fees in addition to the unpaid balance due on the contract.
In light of Bruns's confession of error, appellants' Fourth Assignment of Error is sustained.
 V
Appellants' First, Second, and Third Assignments of Error having been overruled, and their Fourth Assignment of Error having been sustained, the judgment of the trial court is Reversed, and this cause is Remanded
for proceedings consistent with this opinion.
 ___________________ FAIN, J.,
GRADY, P.J., and KERNS, J., concur.
(Honorable Joseph D. Kerns, Retired from the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).
[1] R.C. 1311.10(A) provides that "[a]ny person who contracts for an improvement to real property which gives rise to lien rights under sections 1311.01 to 1311.22 of the Revised Code is presumed to be the authorized agent of all part owners of the real property, except when the relationship between the person contracting for the improvement and the other part owners is that of lessee and lessor or sublessee and sublessor."