JOURNAL ENTRY AND OPINION
{¶ 1} This is an appeal from an order of Judge Brian J. Corrigan that granted summary judgment to Appellees Leland and Margaret Campbell, Mary Frances Weir and Realty One, Inc. on Appellants Ross and Rebecca Dumans' claims for fraudulent misrepresentation in their purchase of a home. The Dumans claim there were material issues of fact in dispute on their fraud claims against all the appellees, and the case should have been tried to a jury. We affirm in part, reverse in part and remand.
{¶ 2} From the record we glean the following: In March 1997, the Campbells listed their home on Applewood Lane in Strongsville with Realty One, Inc. through their listing agent, Weir. In July, the Dumans, seeking to purchase their first home, viewed the property on three separate occasions. On the second visit, Mrs. Duman noticed a brown water stain on the ceiling of the first floor lavatory and questioned its cause. She claimed Weir informed the couple that the second floor bathtub had overflowed some years before, that the Campbells had replaced the sub-floor and damaged tile in the bathroom and that the ceiling stain only needed to be painted to fix what was a purely cosmetic problem.
{¶ 3} While viewing the finished basement of the home, Mrs. Duman noticed a dehumidifier and averred she asked if there were any water leakage problems and that Wier responded that dehumidifiers in basements were relatively common, that there were no water problems in the basement and that the Campbells had never experienced any. This statement, that there were no current or prior water problems in the basement, was consistent with the representation made by the Campbells on the property disclosure form they completed under R.C. 5302.30.[1]
{¶ 4} After their third visit to the home, the Dumans submitted a purchase offer, which the Campbells accepted. The pre-printed purchase agreement contained a clause stating that they knew the property was being purchased "as is," and contained an acknowledgment that they had an unimpeded opportunity to, and did, inspect the entire house prior to purchase. The offer was contingent upon a satisfactory buyer home inspection, and, to that end, the Dumans hired Phil Wells, of House Masters of America, to inspect the premises.
{¶ 5} In the form/report Wells submitted to the Dumans, he noted that the shower in the second floor bathroom leaked and that there were water stains on the tile floor of the room. He also noted that there was dampness in the basement and evidence of prior water penetration. He qualified his findings by noting that, because of finish-work and floor covering, he could only visually inspect twenty percent of the basement area.
{¶ 6} After receiving Wells' report, the Dumans proceeded with the purchase of the home, which closed in August 1997. Shortly after moving in, they noticed significant water seepage in the basement after a "moderate" rain. In addition, contrary to what they had been told by Weir, the Dumans discovered there was major water damage between the first floor lavatory and second floor bathroom when portions of the plaster ceiling fell into the lavatory.
{¶ 7} In September 1997, they hired Edward J. Conrad, P.E., of Applied Engineering Inspections, Inc., to conduct a more thorough inspection of the home. In the basement, he found black mold under the carpet and, after removing some of the paneling, discovered a major crack in the foundation. The wood framing and paneling was wet, warped and dry-rotted, suggesting that relatively severe water problems had existed in the basement for a number of years. Conrad found that there was no grout around the shower faucet in the second floor bathroom, that it leaked when operated and that the weight of a person taking a shower caused a joint between the shower wall and base to widen. He concluded that an ongoing problem with the shower water seepage had caused the wooden floor to dry rot to a point that it needed to be completely rebuilt and that the seepage had been present for a number of years.
{¶ 8} The Dumans and Mrs. Duman's parents,[2] as co-signers of the purchase agreement, filed suit against the Campbells, Weir and Realty One, alleging that the Campbells and Weir had fraudulently and intentionally misrepresented the true condition of the problem areas of the home and that Weir had violated her duty under R.C.4735.67 to advise them that the Campbells' representations may not have been accurate. They sought compensatory and punitive damages.
{¶ 9} The Campbells, and Weir and Realty One, through separate counsel, moved for summary judgment on the grounds that no misrepresentations had been made to the Dumans, the Dumans were unable to establish justifiable reliance on any alleged false representations, and the "as is" clause in the purchase agreement mandated that the doctrine of caveat emptor be applied to the Dumans to defeat their claims. The Dumans responded to these motions, and the motions were denied. At a later pre-trial, the Campbells, and Weir and Realty One, moved the judge to reconsider his rulings on the motions which, by journal entry, he agreed to do. The second motions for summary judgment filed by the Campbells and Weir and Realty One, were based on the same grounds as the first ones, but were supplemented with additional evidence asserting a lack of any issues of material fact; the Dumans did not respond, and the motions were granted.
{¶ 10} The Dumans appeal, asserting three assignments of error:
 {¶ 11} I. MOTION FOR SUMMARY JUDGMENT MUST DEMONSTRATE THAT THERE IS NO GENUINE ISSUE OF MATERIAL FACT AND THAT THE NON-MOVING PARTY HAS NO EVIDENCE TO SUPPORT ITS CLAIMS. THE DEFENDANTS-APPELLEES FAILED TO DEMONSTRATE EITHER THE LACK OF A GENUINE ISSUE OF MATERIAL FACT OR THAT THE PLAINTIFFS-APPELLANTS HAD NO EVIDENCE TO SUPPORT THEIR CLAIMS.
 {¶ 12} II. DEFENDANTS ARE NOT SHIELDED FROM LIABILITY BY THE "AS IS" CLAUSE OF A REAL ESTATE CONTRACT FOR THE COMMISSION OF ACTIVE FRAUD IN REFERENCE TO MISREPRESENTATION AND/OR FRAUDULENT CONCEALMENT.
 {¶ 13} III. THE FACT THAT PLAINTIFFS RECEIVED A HOME INSPECTION REPORT DISCLOSING PRIOR WATER PENETRATION AND DAMP, ALTHOUGH THE HOME INSPECTOR TOLD THE PLAINTIFFS THAT THERE WAS NO CURRENT PROBLEM, DOES NOT MANDATE THE TRIAL COURT'S GRANTING OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT WHEN THE HOME INSPECTOR DID NOT HAVE UNIMPEDED ACCESS AND THERE REMAINS A QUESTION OF MATERIAL FACT CONCERNING STATEMENTS MADE BY THE HOME INSPECTOR CONCERNING THE EXISTENCE OF ANY CURRENT PROBLEM AND WHERE THE DEFENDANTS WERE GUILTY OF ACTIVE FRAUDULENT MISREPRESENTATION AND CONCEALMENT.
{¶ 14} Under Civ.R. 56, summary judgment shall be entered in favor of a moving party if:
 {¶ 15} * * * (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor.[3]
The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.[4]
{¶ 16} "The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for the motion and identifying those portions of the record which support his or her claim. Then, and only then, is the initial burden discharged, requiring the nonmoving party to comply with Civ.R. 56(E)."[5]
{¶ 17} Weir and Realty One contend that, because the Dumans failed to respond to the second motions for summary judgment, they cannot be said to have submitted any evidence establishing an issue of material fact and, therefore, have not met their burden under Civ.R. 56(E). Wells' affidavit attached to the second motions averred he advised the Dumans of previous water problems in the basement, and Weir and Realty One now argue that we must accept the affidavit as unopposed in disposing of this appeal. In Jackson v. Alert Fire Safety and Equipment, Inc.,[6]
however, the Ohio Supreme Court held:
 {¶ 18} Civ.R. 56(C) provides, in part, that: "Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact * * * show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *" Hence, given the explicit language of Civ.R. 56(C), a court is not limited to review of the moving party's affidavit(s) attached in support of his or her motion for summary judgment. More appropriately, the court may examine all
evidence properly before it. Such evidence may include pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts and written stipulations of fact.
{¶ 19} Accordingly, in a de novo review of a grant of summary judgment, we may examine all evidence properly introduced below, including the evidence attached and cited in opposition to both the initial motions for summary judgment. Moreover, the second motions for summary judgment did not contain grounds different from those in the first motions, but merely supplemented them with an additional affidavit from Wells. As such, we are free to examine the entire record below in deciding the merits of this appeal, notwithstanding the Dumans' failure to expressly incorporate their brief in opposition to the first motions as their response to the second ones.
{¶ 20} The doctrine of caveat emptor, which precludes recovery in an action by the purchaser for a structural defect in real estate, applies in Ohio. "To make the doctrine operate fairly, courts have established certain conditions upon the rule's application. We summarize and adopt these conditions as follows: (1) the defect must be open to observation or discoverable on reasonable inspection, (2) the purchaser must have an unimpeded opportunity to examine the property and, (3) the vendor may not engage in fraud."[7] An "as is" clause in a real property sale agreement forecloses recovery for claims rooted in fraudulent non-disclosure of latent structural defects, but does not affect the right of a purchaser to recovery of damages resulting from affirmative fraudulent misrepresentation on the part of a seller.[8]
{¶ 21} In Ohio, in order to establish fraud, each of the following elements must be established: "* * * (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance."[9]
 {¶ 22} Once alerted to a possible defect, a purchaser may not simply sit back and then raise his lack of expertise when a problem arises. Aware of a possible problem, the buyer has a duty to either (1) make further inquiry of the owner, who is under a duty not to engage in fraud, or (2) seek the advice of someone with sufficient knowledge to appraise the defect.[10]
{¶ 23} The Dumans presented evidence that the Campbells' property disclosure statement and Weir represented to them that, while the bathtub in the second floor bathroom had overflowed four or five years earlier, the sub-floor and tile had been replaced and there was no current problem involving that floor or the lavatory ceiling. Wells, however, reported that the grout-free second-floor shower leaked and that there were current water stains on the tile flooring. Additionally, Mrs. Duman had noted and inquired about the readily visible, prominent water stain on the ceiling under the bathroom. Under these circumstances, did the Dumans have a right to rely on the representations of the Campbells, given their knowledge of an obvious potential problem concerning water leakage in the second-floor bathroom?
{¶ 24} "In property transactions, there is no right to rely on oral representations regarding the property transferred where the true facts are equally open to both parties. * * * Ohio law requires a person to exercise proper vigilance in his dealings so that where one is put on notice as to any doubt about the truth of the representation, the person is under a duty to reasonably investigate before reliance thereon."[11]
It has been noted that the cause of a structural defect is not required to be open and obvious; rather, it is the open and obvious nature of the defect itself which invokes the defense of caveat emptor.[12]
{¶ 25} There has been no dispute over the Dumans' unimpeded opportunity to inspect the bathrooms in the home they purchased or that the symptoms of a defect were not readily observable. Because the potential for damage due to water leakage was known to the Dumans through their own inspection of the home as well as that of Wells, they cannot claim to have justifiably relied on the Campbells' statement that past water damage in the bathroom areas had been completely fixed or that there was no current problem or structural damage. The doctrine of caveat emptor bars recovery for claims involving the bathroom plumbing. To that extent, summary judgment was appropriate.
{¶ 26} In opposition to the Campbells' position on the basement water problems, however, the Dumans, through their depositions and the Conrad report, contended that the cracks in the foundation that resulted in water infiltration were concealed by carpet, paneling, and a large entertainment center directly in front of the wall that prevented Wells from fully inspecting what turned out to be the problem area. In addition, at the time of Wells' inspection, the Cleveland area had been in the midst of a rather lengthy drought, casting doubt on whether the problems of water leakage would have been open to observation.
{¶ 27} That the Dumans discovered the basement water problem within weeks of moving in and Conrad's finding that the condition of the framing behind the paneling was evidence that leakage had been a constant problem of some years created a question about the veracity of the Campbells' disclosure and their intent in making it.
{¶ 28} While Wells had noted in his report evidence of dampness and "prior water penetration" in the basement, Mrs. Duman testified he told her that he could find no evidence of a basement water problem, and that she should rely on the Campbells' disclosure. This creates an ambiguity in Wells' inspection report and contradicts his later affidavit essentially repeating the findings made in his report in narrative form. There is, therefore, a question over whether the Dumans had notice of a current water problem in the basement or whether they justifiably relied on the Campbells' disclosure, and there is no question that the water problems in the basement have necessitated repairs, placing damages at issue.
{¶ 29} The Dumans have presented evidence which, construed in a light most favorable to them, creates an issue of material fact over whether the doctrine of caveat emptor should bar their basement-related claims against the Campbells. Since the disclosure statements could, if established as false, represent affirmative fraudulent misrepresentations, the "as is" clause in the purchase agreement may not apply sub judice. Summary judgment was not appropriate to that extent.
{¶ 30} R.C. 4735.67 governs the disclosure duties of a real estate salesperson and states, in relevant part:
 {¶ 31} (B) A licensee is not required to discover latent defects in the property or to advise on matters outside of the scope of the knowledge required for real estate licensure, or to verify the accuracy or completeness of statements made by the seller, unless the licensee is aware of information that should reasonably cause the licensee to question the accuracy or completeness of such statements.
{¶ 32} * * * *
 {¶ 33} (E) No cause of action shall arise on behalf of any person against a licensee for disclosing information in compliance with this section, unless the information is materially inaccurate and the disclosure by the licensee was made in bad faith or was made with reckless disregard for the truth.
{¶ 34} According to R.C. 4735.68(A), Weir would not be liable to the Dumans for false information that the Campbells provided to her and which she provided to the Dumans in the real estate transaction, unless she had actual knowledge that the information was false or acted with reckless disregard for the truth.
{¶ 35} The Dumans presented evidence that, before they viewed the home, another agent or prospective buyer asked Weir about the dampness under the basement carpet and the presence of what appeared to be mildew on a stereo speaker in the area of what eventually was discovered to be the wet area of the basement. They submitted her June 18, 1997, notes she made after the showing of the home as evidence that she had been made aware of the water problem(s) on that date. Accordingly, liability would attach to Weir if it is determined that she had knowledge of the potential falsity of the Campbells' disclosure, and the knowledge reasonably should have given her cause to question it, and she intentionally or with reckless disregard for the truth of the matter, communicated the Campbells' disclosure of a dry basement to the Dumans. Summary judgment for Weir and Realty One on the basement problems was also inappropriate. Assignments of error one, two and three have merit, in part.
Judgment affirmed in part, reversed in part and remanded.
It is ordered that appellant and appellee share the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J., CONCURS; ANN DYKE, J., CONCURS IN PART ANDDISSENTS IN PART (See Concurring and Dissenting Opinion).
[1] The form requires disclosure of current problems or prior repairs, etc. of problems within last 5 years.
[2] We note that summary judgment was generally granted in this case as to all Plaintiffs on all claims, in favor of all Defendants; the failure of Patrick and Mary Spooner (Rebecca Duman's parents) to file a notice of appeal operates as a jurisdictional bar to our consideration of any error they could have asserted on appeal. See State ex rel. BoardwalkShopping Center, Inc. v. Ct. of Appeals for Cuyahoga County (1990),56 Ohio St.3d 33, 564 N.E.2d 86.
[3] Zivich v. Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367, 369,696 N.E.2d 201, citing Horton v. Harwick Chem. Corp. (1995),73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus.
[4] Zivich v. Mentor Soccer Club, Inc., supra, citing Dresher v.Burt (1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274.
[5] Vahila v. Hall (1997), 77 Ohio St.3d 421, 430, 674 N.E.2d 1164,1171. See, also, Sabol v. Richmond Heights Gen. Hosp. (1996),111 Ohio App.3d 598, 604, 676 N.E.2d 958, 962.
[6] (1991), 58 Ohio St.3d 48, 567 N.E.2d 1027.
[7] Layman v. Binns (1988), 35 Ohio St.3d 176, 177, 519 N.E.2d 642,644.
[8] Eiland v. Coldwell Banker Hunter Realty (Aug. 14, 1997), Cuyahoga App. No. 71369, unreported, relying on Kaye v. Buehrle (1983),8 Ohio App.3d 381, 382, 457 N.E.2d 373, 375-376.
[9] Russ v. TRW, Inc. (1991), 59 Ohio St.3d 42, 49, 570 N.E.2d 1076,1083.
[10] Tipton v. Nuzum (1992), 84 Ohio App.3d 33, 38,616 N.E.2d 265.
[11] Smith v. Schneider (Nov. 3, 1994), Cuyahoga App. No. 66958, unreported, relying on Finomore v. Epstein (1984) 18 Ohio App.3d 88, 90,481 N.E.2d 1193, and Faust v. Valleybrook Realty Co. (1981),4 Ohio App.3d 164, 446 N.E.2d 1122.
[12] Smith v. Schneider, supra, relying on Layman v. Binns, (1988),35 Ohio St.3d at 177-78, 519 N.E.2d 642.