[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
In September 2000, plaintiff-appellant William McPartland filed a complaint against defendant-appellee M/M Associates Development, Inc. ("M/M"), for breach of contract and unjust enrichment as a result of M/M's failure to pay money owed to McPartland by failing to pay him the entire amount due under the terms of the agreement and unjust enrichment. In response, M/M filed a counterclaim against William McPartland and a third-party complaint against Angela McPartland. In both the counterclaim and third-party complaint, M/M alleged that William and Angela McPartland were in breach of contract by failing to deliver certain business materials.
In an amended complaint, McPartland asserted two additional claims against defendant-appellee James Morell for fraud and fraud in the inducement. McPartland alleged that Morell had made certain payments on behalf of McPartland's business, M/M Associates, Inc., to companies for work that was not performed and that, as a result of the errors, Morell had misrepresented the assets and value of M/M Associates, Inc., during the negotiation of the contract for the sale of McPartland's business to M/M. M/M filed another answer and counterclaim to the amended complaint, alleging that William McPartland had breached the contract by failing to deliver his business.
M/M and Morell filed a joint motion for summary judgment on McPartland's claims of fraud and fraud in the inducement. In support of their motion, M/M and Morell alleged that the elements of fraud and fraud in the inducement, particularly the element of justifiable reliance, had not been demonstrated because McPartland had admitted in his deposition testimony that he thought Morell had been untruthful and had withheld information. They further argued that the claims were barred by a release. In response to the motion for summary judgment, McPartland argued that his physical condition was a factor in his decision-making ability and that, while he was suspicious of Morell, he had no knowledge of the extent of Morell's deception until after M/M Associates, Inc., was sold. McPartland further argued that the release was fraudulently obtained and not enforceable.
The trial court granted summary judgment in favor of M/M and Morell and dismissed the counts relating to fraud and fraud in the inducement with prejudice.
Because the summary judgment did not dispose of the contract claim brought by McPartland against M/M, the contract counterclaim brought by M/M and Morell against McPartland, or the third-party complaint brought by M/M against Angela McPartland, we must first consider whether the order appealed from is final and appealable. Pursuant to R.C.2505.02(B)(1), an order is "final" if it "affects a substantial right in an action that in effect determines the action and prevents a judgment." Summary judgment was granted to M/M and Morell on the fraud claims. Because that ruling affected a substantial right and, in effect, determined the fraud claims as to M/M and Morell, it is a final order. But where, as here, the trial court enters judgment as to fewer than all the claims or all of the parties in a multi-claim, multi-party case, this court has no jurisdiction to entertain an appeal from that judgment in the absence of the trial court's determination that, pursuant to Civ.R. 54(B), "there is no just reason for delay." The record reflects that the court included the Civ.R. 54(B) language in its entry; therefore, we have jurisdiction over this appeal.
In McPartland's sole assignment of error, he claims that the trial court erred in granting the motion for partial summary judgment on the claims for fraud and fraud in the inducement. When reviewing the entry of summary judgment, we conduct a de novo review.[1] Pursuant to Civ.R. 56, summary judgment is appropriate when, with the evidence viewed in the light most favorable to the nonmoving party, (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party.[2]
To support his fraud claims, McPartland had to demonstrate all the elements of fraud, including that he had justifiably relied upon Morell's allegedly false representation or concealment.[3] In determining whether McPartland justifiably relied on the representation, we may examine the circumstances involved, such as "the nature of the transaction, the form and materiality of the representation, the relationship of the parties, the respective intelligence, experience, age, and mental and physical condition of the parties, and their respective knowledge and means of knowledge."[4]
It is undisputed that, prior to the sale, William and Angela McPartland had formed M/M Associates, Inc., and that they had owned the business since 1997. In 1998, Morell began working at M/M Associates, Inc. Around April 1999, Morell started M/M as a separate company. Between March and September 1999, William McPartland had a heart attack, which resulted in open-heart surgery, and was diagnosed with throat cancer. During the time when McPartland was sick, Morell ran M/M Associates, Inc., along with M/M. Angela McPartland also worked at M/M Associates, Inc., during that time. In September 1999, Morell, by and through his own company, M/M, entered into an agreement with William and Angela McPartland to purchase M/M Associates, Inc. In his deposition, McPartland admitted that he did not trust Morell and that he thought Morell was misrepresenting the value of the company before they entered into the contract. McPartland later attempted to clarify his statements in an affidavit, stating that he did not understand the extent of Morell's fraudulent activities until after the contract had been signed.
Upon a careful review of the record, we conclude that McPartland failed to raise a genuine issue of material fact with respect to justifiable reliance. "Ohio law requires a person to exercise proper vigilance in his dealings, so that where one is put on notice as to any doubt to the truth of the representation, the person is under a duty to reasonably investigate before reliance thereon."[5] While McPartland was ill in the months immediately preceding the sale, which arguably could have affected the transfer of his business, the evidence establishes that McPartland knew of Morell's propensity to be untruthful, thought Morell was making false representations, and did not investigate those representations. The fact that McPartland entered into the contract despite his distrust of Morell did not constitute justifiable reliance. Because McPartland failed to set forth specific facts demonstrating that a genuine issue existed to be litigated with respect to justifiable reliance,[6] there was, as a matter of law, no claim of fraud or fraud in the inducement.
Accordingly, we hold that the trial court did not err in granting summary judgment on the fraud claims. The judgment of the trial court is, therefore, affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Sundermann, JJ.
[1] See Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105,1996-Ohio-336, 671 N.E.2d 241.
[2] See id.; Temple v. Wean United (1977), 50 Ohio St.2d 317, 327,364 N.E.2d 267.
[3] See Burr v. Board of County Commrs. (1986), 23 Ohio St.3d 69,491 N.E.2d 1101, paragraph two of the syllabus.
[4] Feliciano v. Moore (1979), 64 Ohio App.2d 236, 241, 412 N.E.2d 427
(quotation omitted).
[5] Foust v. Valleybrook Realty Co. (1981), 4 Ohio App.3d 164, 165,446 N.E.2d 1122, citing Feliciano v. Moore (1979), 64 Ohio App.2d 236,412 N.E.2d 427.
[6] See Civ.R. 56(E); Dresher v. Burt, 75 Ohio St.3d 280, 292-293,1996-Ohio-107, 662 N.E.2d 264; Vahila v. Hall, 77 Ohio St.3d 421, 429,1997-Ohio-259, 674 N.E.2d 1164.