DECISION AND JOURNAL ENTRY
{¶ 1} Plaintiff-Appellant Andrea Dito has appealed the decision of the Lorain County Court of Common Pleas that granted summary judgment to Defendant-Appellee/Cross-Appellant Shirley Wozniak. Defendant-Appellee/Cross-Appellant Shirley Wozniak has appealed the trial court's decision that dismissed her claims against Third-Party Defendant/Cross-Appellee Orkin Exterminating Co., Inc. This Court affirms.
 I {¶ 2} On January 30, 2002, Plaintiff-Appellant Andrea Dito ("Dito") filed suit against Defendant-Appellee/Cross-Appellant Shirley Wozniak ("Wozniak") wherein she asserted claims of fraud, breach of contract, breach of warranty, and negligent infliction of emotional distress. Dito's claims stemmed from the sale of certain real property ("the property") from Wozniak to Dito and Dito's assertion that Wozniak concealed known defects in the property at the time of sale, namely the property's infestation with termites. Wozniak answered Dito's complaint wherein she denied all of the substantive claims as set forth in the complaint. Discovery ensued between the parties.
 {¶ 3} On motion, Wozniak filed a third-party complaint against Third-Party Defendant/Cross-Appellee Orkin Exterminating Co., Inc. ("Orkin"), the company that treated the property for termites in 1997.[1]
In her third-party complaint against Orkin, Wozniak asserted claims of breach of contract, negligence, breach of express warranty, breach of implied warranty, and Consumer Sales Practices Act violations. Orkin answered Wozniak's complaint on October 15, 2002, wherein it denied all of the substantive allegations in Wozniak's third-party complaint.
 {¶ 4} On January 17, 2003, Wozniak filed a motion for summary judgment, to which Dito responded on March 3, 2003. The trial court granted Wozniak's motion for summary judgment on May 3, 2004, at which time it also dismissed Wozniak's third-party complaint against Orkin.
 {¶ 5} Dito has timely appealed the trial court's decision granting summary judgment to Wozniak, asserting one assignment of error. Wozniak has timely cross-appealed the trial court's decision dismissing her third-party complaint against Orkin, asserting two cross-assignments of error.
 II Assignment of Error Number One
"The trial court improperly granted [wozniak's] * * * motion for summary judgment where there is a genuine issue of material fact remaining as to whether or not [wozniak] committed acts of positive misrepresentation and fraudulently failed to disclose the true nature of a concealed latent defect of termite infestation regarding the residential home sold by [wozniak] to [dito]."
 {¶ 6} In her sole assignment of error, Dito has argued that the trial court erred when it granted summary judgment to Wozniak. Specifically, Dito has argued that a genuine issue of material fact existed as to whether or not Wozniak fraudulently failed to disclose the termite infestation of the property. We disagree.
 {¶ 7} It is well established that an appellate court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12, certiorari denied (1986), 479 U.S. 948, 107 S.Ct. 433, 93 L.Ed.2d 383,. Pursuant to Civil Rule 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 8} The party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying portions of the record that demonstrate an absence of a genuine issue of material fact as to some essential element of the nonmoving party's claim. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. To support the motion, such evidence must be present in the record and of the type listed in Civ.R. 56(C). Id.
 {¶ 9} Once the moving party's burden has been satisfied, the burden shifts to the non-moving party, as set forth in Civ.R. 56(E). Id. at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings, but instead must point to or submit some evidentiary material to demonstrate a genuine dispute over the material facts. Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115.
 {¶ 10} Pursuant to Civ.R. 56(C):
"Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."
 {¶ 11} In the instant matter, Dito first has argued that the trial court erred when it granted Wozniak's motion for summary judgment based upon caveat emptor and the "as is" clause of the purchase agreement. Dito further has argued that Wozniak made fraudulent misrepresentations in the residential sales disclosure form ("disclosure form") that the property was free of termites thus making Wozniak liable to Dito for the termite infestation she now alleges exists. In response, Wozniak has argued that she did in fact disclose the history of termites on the property and thus can invoke the doctrine of caveat emptor as well as the "as is" clause of the purchase agreement as a shield to Dito's lawsuit.
 {¶ 12} In an action by a buyer of real property against the seller of the property, the doctrine of caveat emptor prevents the buyer's recovery for structural defects in the real property when "(1) the defect [is] open to observation or discoverable on reasonable inspection, (2) the purchaser [had] an unimpeded opportunity to examine the property and (3) the vendor [has] not engage[d] in fraud." Layman v. Binns (1988),35 Ohio St.3d 176, 177. In addition, a buyer of real property has "no just cause for complaint even though there are misstatements and misrepresentations by the [seller] not so reprehensible in nature as to constitute fraud." Traverse v. Long (1956), 165 Ohio St. 249, 252. Finally, this Court has held that an "as is" clause in a purchase agreement for real property relieves a seller of the duty to disclose defects in the property. Engle v. Preston (Jan. 29, 1993), 9th Dist. No. 15781, at 4, citing Kaye v. Buehrle (1983), 8 Ohio App.3d 381. "[H]owever, once a buyer inquires into the condition of the property, the seller may not fraudulently misrepresent its condition." Id.
 {¶ 13} Because both caveat emptor and the "as is" clause of the purchase agreement are nullified by a fraudulent misrepresentation or fraudulent failure to disclose, this Court must determine if the trial court properly concluded that Wozniak did not commit fraud regarding the existence of termites on the property then subsequently grant summary judgment for Wozniak.
 {¶ 14} To sustain an action for fraud against Wozniak, Dito must establish all of the following:
"1) a representation, or in a situation where there was a duty to disclose, a concealment of fact; 2) which fact is material to the transaction; 3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; 4) with the intent of misleading another into relying upon it; 5) justifiable reliance on the misrepresentation; and 6) a resulting injury proximately caused by the reliance." Garvey v.Clevidence, 9th Dist. No. 22143, 2004-Ohio-6536, ¶ 12, citing Buchananv. Geneva Chervenic Realty (1996), 115 Ohio App.3d 250, 257.
 {¶ 15} The relevant inquiry as to whether or not fraud was committed in the sale of the property is what information about termites was transmitted to Dito at the time of sale. In Ohio, sellers of real property are required to complete a Residential Property Disclosure Form ("Disclosure Form"). See R.C. 5302.30. Turning to the disclosure form completed by Wozniak, the record reveals that Wozniak answered the question on the disclosure form regarding termites as follows:
"[Question:] WOOD BORING INSECTS/TERMITES: Do you know of the presence of any wood boring insects/termites in or on the property or any existing damage to the property caused by wood boring insects/termites?
"[Answer:] Yes
"[Question:] If "YES," please describe:
"[Question:] If owner knows of any inspection or treatment for wood boring insects/termites since owning the property (but not longer than the past 5 years) please describe:"
"[Answer:] Found evidence of termites. Treated and repaired By Orkin. Has since been inspected and found nothing. One year agreement to re-inspect property (sic)"[2]
 {¶ 16} In addition to the disclosure form, Wozniak presented the following deposition testimony. Wozniak inherited the property from her mother in 1997. Just prior to her mother's death, she and her mother became aware of termite infestation in the kitchen cabinets of the property, called Orkin to inspect the property, and hired Orkin to treat the termite infestation in the kitchen. The kitchen cabinets were damaged by the termite infestation and had to be repaired; said repairs were performed by Wozniak's husband. However, Wozniak was not aware of the full extent of the termite infestation as it existed in 1997. The property was periodically inspected by Orkin between the time of her mother's death and the sale of the property to Dito in 1999. All inspections indicated that the house did not have active termite infestation. At the time of sale, Wozniak disclosed the prior termite infestation as indicated on the disclosure form. She and Dito never spoke to each other prior to the close of the sale of the property. Dito never asked Wozniak about the termite history of the home, the prior termite damage to the home, or the prior repairs that needed to be done to the home as a result of the prior termite infestation.[3]
 {¶ 17} Dito responded to Wozniak's motion for summary judgment.
 {¶ 18} As a general rule, a person is expected to conduct his or her dealings with proper vigilance. Foust v. Valleybrook Realty Co. (1981),4 Ohio App.3d 164, 165. Such vigilance imputes a duty upon one to reasonably investigate the truth of representations made prior to reliance thereon. Id. In her brief to this Court, Dito argued that we should rely on Foust for the proposition that a buyer "has a right to rely upon the representations of the seller and need not inquire of others after receiving answers to their questions." Although true, it is critical to note that Foust dealt with a buyer who asked questions of the seller's agent as to the sewer system of the property at issue. Id. at 167. In Foust, the Sixth Appellate District answered the question of whether or not the buyer had been defrauded by the agent's misrepresentations regarding the sewer system of the home. Id. Finding that the agent's answers to the buyers questions constituted fraud, the appellate court upheld the trial court's award of damages to the buyer. Id. at 165. We find that Foust is not dispositive of the instant matter because Dito asked no questions of Wozniak or Wozniak's realtor regarding termites prior to closing on the sale of the property.
 {¶ 19} However, we do find prior caselaw from this Court dispositive of the instant matter. We have previously held that "[o]nce aware of a possible problem, the buyer has a duty to either (1) make further inquiry of the owner, or (2) seek the advice of someone with sufficient knowledge to appraise the defect." Pickard v. Provens, (July 12, 2000), 9th Dist. No. 19408, at 7; see, also, Tipton v. Nuzum (1992), 84 Ohio App.3d 33,38. Furthermore, in Layman, the Supreme Court of Ohio held that "[a] seller of realty is not obligated to reveal all that he or she knows. A duty falls upon the purchaser to make inquiry and examination." Layman,
at 177. Finally, when determining if an is action grounded in fraud, this court "must look to all of the circumstances of the case, and must be guided by the rules of equity as well as the rules of common sense."Watch What Develops Franchise Concepts, Inc. v. Custom 1-Hour Photo,Inc. (Oct. 17, 1990), 9th Dist. No. 14592, at 13 (Citations omitted).
 {¶ 20} Common sense would tell a reasonable buyer that Wozniak's disclosure merited further inquiry. Wozniak's disclosure form put Dito on notice that the property had termite problems. To hold Wozniak liable for the present termite infestation that Dito has alleged currently exists would be to penalize Wozniak for her good faith disclosure regarding the history of termites on the property. A decision adverse to Wozniak would also discourage sellers of real property in Ohio from disclosing prior termite infestation, damage or repairs to potential buyers, as well as encourage buyers to waive home inspection prior to closing. We see this as inviting an avalanche of avoidable litigation regarding residential real estate transactions. Common sense and logic prevent such a decision on our part.
 {¶ 21} In sum, we find that Wozniak did not fraudulently misrepresent or fraudulently fail to disclose the existence of termites on the property. Wozniak is shielded from Dito's lawsuit by way of the doctrine of caveat emptor and the "as is" clause of the purchase agreement. It follows that reasonable minds could come to but one conclusion, namely that Dito's claims against Wozniak must fail. Based on the foregoing, the trial court properly granted summary judgment for Wozniak. Dito's sole assignment of error lacks merit.
 Cross-Assignment of Error Number One
"The trial court abused its discretion in sua sponte dismissing [wozniak's] independen[t] third-party claims against [orkin] when [wozniak] had not failed to prosecute her case."
 {¶ 22} In her fist cross-assignment of error, Wozniak has argued that the trial court erred when it dismissed her third-party complaint against Orkin. Specifically, Wozniak has argued that her claims against Orkin were independent from the claims Dito filed against Wozniak, and thus could not be dismissed except in limited circumstances that were not present in the instant matter. We disagree.
 {¶ 23} An appellate court reviews a trial court's decision to dismiss a crossclaim under an abuse of discretion standard. Lloyd's Rentals v.Gault (Sept. 23, 1992), 9th Dist. No. 15525, at 3. An abuse of discretion suggests more than an error of law or judgment. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. It implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Id.
 {¶ 24} Wozniak has argued that her claims against Orkin are independent of Dito's claims against her, and that even if Dito's claims against her were dismissed, Wozniak could bring her third-party claims against Orkin. In response, Orkin has argued that Wozniak's claims against it were dependent upon Dito's claims against Wozniak and, pursuant to Civ.R. 14, Wozniak's third-party claims against Orkin had to be dismissed once Dito's claims against Wozniak were dismissed.
 {¶ 25} Civ.R. 14, entitled "Third-party practice," states, in pertinent part, that "[a]t any time after commencement of the action a defending party, as a thirdparty plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." Civ.R. 14(A). This Court has previously held that "[i]n order for a claim to be appropriately brought pursuant to Civ.R. 14(A), it must be `derivative of the outcome of the main claim.'" Renacci v. Martell (Oct. 20, 1993), 9th Dist. No. 2155-M, at 5, quoting United States v. JoeGrasso Son, Inc. (C.A. 5 1967), 380 F.2d 749, 751. Furthermore, a third-party complaint against a third-party defendant can prevail only if the plaintiff of the main cause of action has successfully prosecuted his or her case against the defendant/third-party plaintiff. Renacci, at 6.
 {¶ 26} Our review of the record reveals that on June 4, 2002, Wozniak filed a motion with the trial court wherein she requested permission, pursuant to Civ.R. 14, to file a third-party complaint against Orkin. In her third-party complaint against Orkin, Wozniak alleged five different causes of action, all of which were predicated upon Dito's lawsuit against Wozniak and included language that, as a result of the alleged conduct of Orkin, "Wozniak will suffer monetary damages in excess of $25,000." Thus it is clear to this Court that Wozniak's third-party complaint against Orkin was predicated upon Dito's successful prosecution of Dito's case against Wozniak. Based on our disposition of Dito's sole assignment of error, namely that Wozniak was entitled to summary judgment, Wozniak is not liable to Dito as alleged in Dito's complaint against Wozniak. Therefore, pursuant to Civ.R. 14(A), the trial court was required to dismiss Wozniak's claims against Orkin. Id. (holding that because the third-party defendant was not secondarily liable to the defendant/third-party plaintiff, the trial court properly dismissed the third-party complaint against the third-party defendant).
 {¶ 27} Wozniak's first cross-assignment of error lacks merit.
 Cross-Assignment of Error Number Two
"The trial court's sua sponte dismissal of [wozniak's] independent third-party claims against [orkin] was improper when no dispositive motion was filed or pending."
 {¶ 28} In her second cross-assignment of error, Wozniak has argued that the trial court erred when it dismissed her third-party claims against Orkin because neither she nor Orkin filed a motion for summary judgment. Specifically, she has asserted that, based upon her assumption that the trial court granted summary judgment to Orkin, said decision by the trial court was impermissible because Orkin never filed a motion for summary judgment.
 {¶ 29} As discussed, infra, an appellate court reviews a trial court's decision to grant summary judgment pursuant to the de novo standard of review. Grafton, at 105.
 {¶ 30} We have reviewed the language of the trial court's journal entry wherein it granted Wozniak's motion for summary judgment and dismissed her claims against Orkin. We disagree with Wozniak's assumption that the trial court's dismissal of her claims against Orkin equated to granting summary judgment for Orkin. There is simply no support in the record for such a contention.
 {¶ 31} Wozniak's second cross-assignment of error lacks merit.
 III {¶ 32} Dito's sole assignment of error is overruled. Wozniak's first and second cross-assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Boyle, J. concurs
[1] According to Wozniak's deposition testimony, Orkin treated the property for termintes in 1997 when it was owned by Wozniak's now deceased mother.
[2] It is clear from a simple reading of the disclosure form that Wozniak began her answer to the second question on the lines provided for the second answer on the disclosure form. It is also clear that she continued her answer to the second question and answered the third question on the lines provided for the answer to the third question on the disclosure form.
[3] Although Dito takes exception to Wozniak's alleged misstatement that Orkin did in fact undertake repairs of the property, we find the question of who in fact repaired the termite-damaged portions of the home immaterial to the matter at bar.