LUCKY DISCOUNT LUMBER CO., INC., Appellee,

v.

MACHINE TOOLS OF AMERICA et al., Appellants.

[Cite as *Lucky Discount Lumber Co., Inc. v. Machine Tools of Am.,* 181 Ohio App.3d 64, 2009-Ohio-534.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 22559.

Decided Feb. 6, 2009.

Marc N. Greenberg, for appellee.

Helen C. Wallace, for appellants.

GRADY, Judge.

{¶ 1} Defendants, Machine Tools of America ("Machine Tools") and its owner, Bruce Chenoweth, appeal from a judgment of $9,934.30 in favor of plaintiff, Lucky Discount Lumber Company, Inc. ("Lucky Discount").

{¶ 2} Machine Tools, an Ohio company, listed a used industrial forklift for sale on www.eBay.com, which is an online auction and shopping website through which people and businesses buy and sell goods and services worldwide. The listing described the forklift as being in "Excellent" condition and having only 1,860 hours of use. Further, the listing stated that the forklift had excellent premaintenance records and that its Perkins Diesel engine, automatic transmission, and hydraulics were all in excellent condition. According to the listing, the forklift was capable of lifting up to 15,000 pounds. Lucky Discount, a Missouri company, placed a bid in the online auction to purchase the forklift.

{¶ 3} When the bidding closed, Lucky Discount was the highest bidder. Lucky Discount paid Machine Tools $10,700 for the forklift and an additional $750 for costs of freight to ship the forklift to its place of business in Missouri. Lucky

Discount inspected the forklift when it arrived and found a number of problems. For example, oil was coming out of the engine, the engine ran sluggishly, the shifter was missing, the hour meter did not work, and the hydraulics were losing pressure. According to witnesses for Lucky Discount, the hydraulics could not lift the amount of weight described in Machine Tools' listing, and the lift had between 6,000 and 10,000 hours of use on it, not the 1, 860 hours represented in Machine Tools' eBay listing.

{¶ 4} Lucky Discount immediately notified Machine Tools that it was dissatisfied with the condition of the forklift. Lucky Discount sent a letter to Machine Tools, requesting that Machine Tools either (1) refund the total price, including shipping fees, (2) repair the lift so that it matched the eBay description, or (3) renegotiate the price to reflect the true value of the forklift. Machine Tools declined these options and offered a refund of the purchase price if Lucky Discount paid to ship the forklift back to Machine Tools, based on the terms of the money-back guarantee included in its eBay listing. Lucky Discount declined, but offered to meet Machine Tools at a geographic halfway point and exchange the forklift for the purchase price. Machine Tools would not agree to meet halfway.

{¶ 5} Ultimately, Lucky Discount used the forklift three or four times over the next nine months before having the forklift repaired at a cost of $7,188.54, plus shipping costs of $170. On July 6, 2005, Lucky Discount commenced an action against Machine Tools and Bruce Chenoweth, alleging breach of contract and fraud. Lucky Discount sought $12,070 in damages, plus interest accrued, court costs, and attorney fees. Machine Tools filed an answer, and the action was referred to a magistrate for trial.

{¶ 6} Following a trial, the magistrate issued a decision finding that Machine Tools had breached its contract with Lucky Discount and engaged in fraud prohibited by Ohio's Deceptive Trade Practices Act, R.C. 4165.02(A)(9), by representing "that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." The magistrate awarded Lucky Discount $7,188, plus statutory interest and reasonable attorney fees.

{¶ 7} The magistrate rejected Machine Tools' argument that Lucky Discount failed to mitigate its damages when it declined to invoke its rights under the guarantee in its sales agreement with Machine Tools that would have allowed Lucky Discount to return the forklift to Machine Tools in return for a full refund of the purchase price. The magistrate found that it would have been a substantial risk for Lucky Discount to return the forklift to Machine Tools in view of the misrepresentations in Machine Tools' eBay listing.

{¶ 8} Machine Tools filed objections to the magistrate's decision, which included an objection that the magistrate should have found that Lucky Discount failed to mitigate its damages by invoking its right to return the forklift to Machine Tools. On December 10, 2007, the trial court overruled the objections. The trial court granted judgment in favor of Lucky Discount on its claims of breach of contract and fraud, and it awarded damages in the sum of $7,188, plus statutory interest, $2,500 for reasonable attorney fees, and $246.30 in costs, for a total award of $9,934.30. Machine Tools filed a timely notice of appeal.

ASSIGNMENT OF ERROR

{¶ 9} "The trial court erred in ruling that appellee was not required to mitigate damages."

{¶ 10} As we explained in *S & D Mechanical Contrs., Inc. v. Enting Water Conditioning Sys., Inc.* (1991), 71 Ohio App.3d 228, 238, 593 N.E.2d 354:

{¶ 11} "It is a cardinal rule of contracts that an injured party is under a duty to mitigate its damages and may not recover those damages which it could have reasonably avoided. The duty to mitigate is limited as follows:

{¶ 12} " 'The rule requiring one injured by a wrongful act or omission of another to minimize the damages resulting does not require a party to make extraordinary efforts, or to do what is unreasonable or impracticable. Ordinary and reasonable care, diligence and prudence are the measure of the duty. 16 Ohio Jurisprudence 2d 37, Damages, Section 18. The efforts of the injured party to prevent or lessen his damages include a reasonable expenditure of money as part of his damages. 16 Ohio Jurisprudence 2d 38, Damages, Section 19.' *Foust v. Valleybrook Realty Co.* (1981), 4 Ohio App.3d 164, 168, 4 OBR 264, 268, 466 N.E.2d 1122, 1127."

{¶ 13} The Ohio Supreme Court, citing our decision in *S & D Mechanical Contrs.*, 71 Ohio App.3d 228, 593 N.E.2d 354, explained that "the obligation to mitigate does not require the party to incur *extraordinary* expense and risk." (Emphasis added.) *Chicago Title Ins. Co. v. Huntington Natl. Bank* (1999), 87 Ohio St.3d 270, 276, 719 N.E.2d 955.

{¶ 14} The trial court rejected Machine Tools' argument that Lucky Discount failed to mitigate its damages when it chose to have the forklift repaired at substantial cost instead of simply returning the forklift in exchange for a refund of the purchase price. The trial court stated that "Ronald Pearson, Lucky's comptroller, testified that he was unwilling to rely on the 30 day return policy and could not trust that if he returned the lift his checks would be refunded to him. Given the circumstances of this transaction, the Court finds the Magistrate appropriately applied the law in concluding that Plaintiff would have placed itself

at substantial risk by returning the lift for a refund pursuant to the terms of the advertisement."

{¶ 15} Machine Tools argues on appeal that the trial court erred when, on the record before it, the court found that Lucky Discount would have incurred extraordinary risk and expense by returning the forklift to Machine Tools for a cash refund in order to mitigate the damages Lucky Discount incurred as a result of Machine Tools' fraudulent conduct. The essence of that argument is that the trial court's judgment is against the manifest weight of the evidence. On appellate review, judgments supported by some competent, credible evidence will not be reversed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578.

{¶ 16} In this context, a risk is extraordinary if the hazard it presents is substantially greater than would otherwise exist, due to some particular and unusual circumstance. Lucky Discount might reasonably be concerned that Machine Tools, having engaged in fraud and misrepresentation concerning the condition of the forklift in connection with its sale, would also not honor the guarantee, creating a significant loss for Lucky Discount had it returned the forklift. However, there is not a sufficient nexus between the particular and unusual circumstances Machine Tools' prior misconduct involved and the obligation imposed on Machine Tools by its guarantee, which was to refund the purchase price in full upon Lucky Discount's return of the forklift. Therefore, the risk that Lucky Discount would incur by returning the forklift was not extraordinary for the reason the trial court found. Neither was the cost of returning it extraordinary, in relation to the cost of the forklift and its eventual repair.

{¶ 17} Lucky Discount's primary reservation seems to have been the freight cost it would incur in returning the forklift to Machine Tools. Lucky Discount proposed returning the forklift for a refund if Machine Tools would pay the freight costs. Lucky Discount also proposed transporting the forklift halfway, to a place where it could be handed over to Machine Tools, likewise avoiding freight costs. Lucky Discount was reasonably aggrieved at having to pay the freight costs to return a misrepresented product, but it might have a claim for relief for the freight costs it incurred both when it purchased the forklift and when it was returned, because of Machine Tools' misconduct.

{¶ 18} Unlike Machine Tools, which was bound by the terms of its guarantee, Lucky Discount was not obligated by the guarantee to exercise the right the guarantee conferred. However, in awarding a civil judgment against Machine Tools on its claim for money damages, the trial court was required to consider

whether Lucky Discount reasonably should have employed the guarantee to mitigate the damages it incurred when it instead used the forklift and then had it repaired.  Lucky Discount was not obligated to incur some extraordinary risk or cost.  However, in relation to the $10,200 Lucky Discount paid for the forklift, and the $7,188.54 it paid to repair the forklift after using it, the additional $750 freight cost is not "extraordinary."  On this record, neither is the risk that Machine Tools would not honor its guarantee "extraordinary" because it had previously misrepresented the condition of the forklift it sold to Lucky Discount.

{¶ 19} The trial court's conclusion that Lucky Discount did not fail to mitigate its damages for the reasons the trial court found is not supported by competent, credible evidence, and is therefore against the manifest weight of the evidence. The assignment of error is sustained.  The judgment of the trial court will be reversed, in part, vacating the award of damages, costs, and attorney fees to Lucky Discount, and the case will be remanded for further proceedings on Machine Tools' failure to mitigate damages defense.

Judgment accordingly.

BROGAN and WOLFF, JJ., concur.